# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SCOTT BRAITHWAITE, )
)
        Plaintiff, )
)
v. )
) Case No. 19- 2363-CM
FEDERAL BUREAU OF )
INVESTIGATION, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Defendant United States, on behalf of the Federal Bureau of Investigation, moves to dismiss (Doc. 4) pro se plaintiff Scott Braithwaite's 400+ page complaint. (Doc. 1.) Additionally, Defendant seeks the denial of Plaintiff's motion for a temporary restraining order. (Docs. 12, 14.) Plaintiff's complaint, consisting of 1,148 paragraphs, sets forth a wide range of allegations, including employment discrimination, disability discrimination, age discrimination, religious discrimination, retaliation, attempted murder, kidnapping, rape, terrorism, computer hacking, "illegal broadcast of electromagnetic radiation," sexual assault "with electrosurgery," hostile environment, "grand theft auto," wrongful disclosure of confidential genetic information, invasion of privacy, the harmful and nonconsensual use of a government medical device, such as a multielectrode silicon probe, on plaintiff's biological tissue, psychological and physical torture, "a suicide-murder act involving a Jacuzzi bath" in Lenexa, violations of ERISA, etc. (Doc. 1, at 1, 2, 5, 9, 10, 15, 17, 19, 21, 45.)

To prepare its motion to dismiss, defendant attempted to address this virtually incomprehensible pleading, concluding that plaintiff's "claims appear to be based upon intentional torts" and should be analyzed pursuant to the Federal Torts Claims Act. (Doc. 5, at 1–2.) Because

-1-

plaintiff's claims are not properly brought pursuant to that Act, defendant argues, they must be dismissed for lack of subject matter jurisdiction and failure to state a claim. While the court cannot say that defendant's analysis is wrong, it is reluctant to engage in a similar study of plaintiff's claims. The court is not entirely clear what plaintiff is alleging, and the court does not want to risk mischaracterizing plaintiff's claims. Nor is this the proper work of the court. While the pleadings of a pro se litigant are to be interpreted with liberality, "[a]t the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Sanner v. U.S. Gov't*, 979 F. Supp. 1327, 1328 (D. Kan. 1997). Further, it is not proper for the court "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (1997).

Plaintiff is required by the Federal Rules of Civil Procedure to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8. A filing in excess of four-hundred pages violates this rule. Moreover, plaintiff's complaint consists of repetitive lists of legal theories and conclusions with little to no factual support, plausible or otherwise. This also violates the court's procedural rules and renders plaintiff's complaint subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief may be granted by the court. The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In plaintiff's complaint, serious legal conclusions and accusations are alleged – rape, kidnapping, discrimination, etc. – but it is difficult to determine what defendant may have actually done that has resulted in these accusations. In other words, once the unsupported assertions of wrongdoing in the complaint are set aside, there is insufficient factual enhancement from which the court can infer that

there was any misconduct. *Solazzo v. Bynes*, 663 F. App'x 611, 614 (10th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 1106 F.2d at 1110. Because plaintiff has failed to set forth these necessary facts, his complaint must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6). Were plaintiff to refile, the court urges him to consider including useful information in his complaint, such as "what each defendant did to him []; when the defendant did it; how the defendant's action harmed him []; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also seeks a temporary restraining order which would serve to prevent the FBI Special Agent in the Kansas City field office from discriminating against him directly or indirectly in various public services, as well as in computer monitoring and "further attempted murder acts." (Doc. 12.) A temporary restraining order may only be granted by the court if the plaintiff demonstrates that he or she is likely to succeed on the merits, that he or she will suffer irreparable harm without the relief, that the equities are in favor of the order, and that such an order would be in the public interest. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016). Because plaintiff's complaint is being dismissed with this order, it follows that the court has concluded that he has no likelihood of prevailing on the merits of his claims. As a result, no restraining order will issue in this case.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss plaintiff's complaint is granted. (Doc. 4.) Plaintiff's complaint is hereby dismissed in its entirety without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for Court Order of Temporary Restraining Orders (TRO) is denied. (Doc. 12.)

This case is closed. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this <u>8th</u> day of October, 2019, at Kansas City, Kansas.

                                              **<u>s/ Carlos Murguia</u>**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**